UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARGARET OROSZ, on behalf of herself
and those similarly situated,                                              Civil Action No.
333 Mamaroneck Avenue                                                     1:15-cv-08503-KPF
White Plains, NY 10602,

                              Plaintiff,

                     -against-

MICROSOL RESOURCES CORP.,
214 W 29th Street, Suite 1100
New York, NY 10001,

and

JOHN DOES 1-10
c/o MICROSOL RESOURCES CORP.,
214 W 29th Street, Suite 1100
New York, NY 10001,

                              Defendants.
------------------------------------------------------------------------X

### DEFENDANT MICROSOL RESOURCES CORP.'S ANSWER TO INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL AMENDED COMPLAINT

Without admitting that the Court has personal jurisdiction over it, which Defendant Microsol Resources Corp. ("Microsol" or "Defendant") denies due to improper service of the summons and Complaint, on behalf of itself alone and no other Defendant, by and through its attorneys, Sedgwick LLP, Defendant Answers the Amended Complaint (the "Complaint") brought by Margaret Orosz ("Orosz"or the "Named Plaintiff") "on behalf of herself and those similarly situated" as follows (for purposes of this Answer, Orosz and each individual who is allegedly "similarly situated" shall collectively be referred to as "Plaintiffs"):

## INTRODUCTION

1.      Answering Paragraph 1 of the Complaint, Defendant admits that Named Plaintiff alleges that Microsol failed to pay Named Plaintiff and those similarly situated overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and violated Title VII of the Civil Rights Act of 1964 ("Title VII") by terminating Named Plaintiff due to her pregnancy, but denies that there is any factual or legal basis for the claims asserted and denies all other allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      Answering Paragraph 2 of the Complaint, Defendant admits that it incorporates the allegations of Paragraph 1 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraph 1 as if set forth fully herein in their entirety.

3.      Answering Paragraph 3 of the Complaint, Defendant admits that it purports to assert original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the FLSA and Title VII claims are pursuant to federal law, but otherwise denies that there is any factual or legal basis for the claims asserted.  Defendant further admits that, to the extent that the Court has original federal jurisdiction, which Defendant denies, it also has supplemental jurisdiction over related state law claims.  Except as expressly admitted, Defendant denies all allegations of Paragraph 3 of the Complaint.

4.      Answering Paragraph 4 of the Complaint, Defendant denies all allegations in Paragraph 4 of the Complaint but admits that, to the extent that this Court has jurisdiction, which Defendant denies, venue in this District is proper.  Except as expressly admitted, Defendant denies all allegations of Paragraph 4 of the Complaint.

5.      Answering Paragraph 5 of the Complaint, Defendant admits that it conducts business in this judicial district.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations that a substantial part of the acts and/or omissions giving rise to the claims in the Complaint occurred in this judicial district and on that basis denies them.  Except as expressly admitted herein, Defendant denies all remaining allegations of Paragraph 5 but admits that, to the extent that this Court has jurisdiction, which Defendant denies, venue in this District is proper.

6.      Answering Paragraph 6 of the Complaint, Defendant denies all allegations in Paragraph 6 of the Complaint.

**PARTIES**

7.      Answering Paragraph 7 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 6 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 6 as if set forth fully herein in their entirety.

8.      Answering Paragraph 8 of the Complaint, Defendant admits that Named Plaintiff is an adult individual.   Except as specifically admitted, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies them.

9.      Answering Paragraph 9 of the Complaint, Defendant admits the allegations of Paragraph 9.

10.      Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies them.

11.     Answering Paragraph 11 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies them.

12.     Answering Paragraph 12 of the Complaint, without a more specific understanding of Plaintiff's allegations Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies them.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Answering Paragraph 13 of the Complaint, Defendant admits that Named Plaintiff purports to bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and refers to putative class members as "Class Plaintiffs" but denies that there is any factual or legal basis for the claims asserted and denies all other allegations in Paragraph 13 of the Complaint.

14.     Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies them.

15.     Answering Paragraph 15 of the Complaint, Defendant denies all allegations of Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies them.

17.     Answering Paragraph 17 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegation that Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes. Defendant denies all remaining allegations of Paragraph 17.

18.     Answering Paragraph 18 of the Complaint, Defendant denies all allegations of Paragraph 18.

## FACTUAL BACKGROUND

19.     Answering Paragraph 19 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 18 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 18 as if set forth fully herein in their entirety.

20.     Answering Paragraph 20 of the Complaint, Defendant denies all allegations of Paragraph 20.

21.     Answering Paragraph 21 of the Complaint, Defendant admits that it hired the Named Plaintiff with the intention of placing her with another company but otherwise denies all allegations of Paragraph 21.

22.     Answering Paragraph 22 of the Complaint, Defendant admits that on or about June 5, 2013, it placed Named Plaintiff at Regeneron Pharmaceuticals, Inc. but otherwise denies all allegations of Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Defendant admits that it previously employed Named Plaintiff but lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 23, particularly in that it does not know what Named Plaintiff means by "all relevant times," and on that basis denies them.

## FAILURE TO PAY OVERTIME WAGES

24.     Answering Paragraph 24 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 23 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 23 as if set forth fully herein in their entirety.

25.     Answering Paragraph 25 of the Complaint, with regard to Defendant only, Defendant admits that Named Plaintiff did not supervise any of its employees during her employment with Defendant. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 25, including those with regard to anyone other than Defendant, and on that basis denies them.

26.     Answering Paragraph 26 of the Complaint, with regard to Defendant only, Defendant admits that Named Plaintiff did not have the authority to hire or fire any of its employees during her employment with Defendant.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 26, including those with regard to anyone other than Defendant, and on that basis denies them.

27.     Answering Paragraph 27 of the Complaint, with regard to Defendant only, Defendant admits that Named Plaintiff did not perform office or non-manual work directly related to Defendant's management or general business operations.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 27 with regard to anyone other than Defendant (including but not limited to Defendant's customers), and on that basis denies them.

28.     Answering Paragraph 28 of the Complaint, Defendant admits that, while Named Plaintiff was employed by Defendant, she earned an hourly wage, not a salary.

29.     Answering Paragraph 29 of the Complaint, Defendant denies all allegations of Paragraph 29.

30.     Answering Paragraph 30 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 30, and on that basis denies them.

31.     Answering Paragraph 31 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 31, and on that basis denies them.

32.     Answering Paragraph 32 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 32, and on that basis denies them.

33.     Answering Paragraph 33 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 33, and on that basis denies them.

34.     Answering Paragraph 34 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 34, and on that basis denies them.

35.     Answering Paragraph 35 of the Complaint, Defendant admits that while Named Plaintiff was working at Regeneron, Defendant directed Named Plaintiff to record her hours and to have the hours verified by Regeneron before she submitted a record of her work hours to Defendant. Defendant denies all remaining allegations of Paragraph 35.

36.     Answering Paragraph 36 of the Complaint, Defendant admits that it billed Regeneron $90.00 per hour for worked performed by Named Plaintiff.  Defendant denies all remaining allegations of Paragraph 36.

37.     Answering Paragraph 37 of the Complaint, Defendant admits that it paid Named Plaintiff $50.00 per hour worked and recorded by her, provided that the hours were verified by Regeneron.  Defendant denies all remaining allegations of Paragraph 37.

38.     Answering Paragraph 38 of the Complaint, Defendant denies all allegations of Paragraph 38.

39.     Answering Paragraph 39 of the Complaint, Defendant admits that it did not pay Named Plaintiff wages at the rate of 1.5 her regular hourly rate.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 39, and on that basis denies them.

40.     Answering Paragraph 40 of the Complaint, Defendant admits that it paid Named Plaintiff an hourly wage of $50.00 per hour and did not pay Named Plaintiff wages at the rate of 1.5 her regular hourly rate.  Defendant denies all remaining allegations of Paragraph 40.

41.     Answering Paragraph 41 of the Complaint, Defendant admits that for the pay period beginning on December 7, 2013 and ending on December 13, 2013, it paid Named Plaintiff an hourly wage of $50.00 per hour and did not pay Named Plaintiff wages at the rate of 1.5 her regular hourly rate.  Defendant denies all remaining allegations of Paragraph 41.

42.     Answering Paragraph 42 of the Complaint, Defendant denies all allegations of Paragraph 42.

43.     Answering Paragraph 43 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 43, and on that basis denies them.

44.     Answering Paragraph 44 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 44, and on that basis denies them.

45.     Answering Paragraph 45 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 45, and on that basis denies them.

46.     Answering Paragraph 46 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 46, and on that basis denies them.

47.     Answering Paragraph 47 of the Complaint, Defendant denies all allegations of Paragraph 47.

## DISCRIMINATION AND WRONGFUL TERMINATION

48.     Answering Paragraph 48 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 47 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 47 as if set forth fully herein in their entirety.

49.     Answering Paragraph 49 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 49, and on that basis denies them.

50.     Answering Paragraph 50 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 50, and on that basis denies them.

51.     Answering Paragraph 51 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 51, and on that basis denies them.

52.      Answering Paragraph 52 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 52, and on that basis denies them.

53.      Answering Paragraph 53 of the Complaint, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 53, and on that basis denies them.

54.      Answering Paragraph 54 of the Complaint, Defendant admits the allegations of Paragraph 54.

55.      Answering Paragraph 55 of the Complaint, Defendant denies all allegations of Paragraph 55.

56.      Answering Paragraph 56 of the Complaint, Defendant denies all allegations of Paragraph 56.

57.      Answering Paragraph 57 of the Complaint, Defendant denies all allegations of Paragraph 57.

58.      Answering Paragraph 58 of the Complaint, Defendant denies all allegations of Paragraph 58.

59.      Answering Paragraph 59 of the Complaint, Defendant denies all allegations of Paragraph 59.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

60.      Answering Paragraph 60 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 59 to the Complaint, and adopts, reiterates, and incorporates by

reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 59 as if set forth fully herein in their entirety.

61.     Answering Paragraph 61 of the Complaint, with regard to Defendant only, Defendant admits that it is generally an employer within the meaning of the FLSA. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 61, including those with regard to anyone other than Defendant, and on that basis denies them.

62.     Answering Paragraph 62 of the Complaint, with regard to Defendant only, and without admitting that it failed to meet any of its legal obligations, Defendant admits that, to the extent that Named Plaintiff engaged in compensable work on its behalf, it was responsible for paying Named Plaintiff for the resulting wages. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 62, including those with regard to anyone other than Defendant, and on that basis denies them.

63.     Answering Paragraph 63 of the Complaint, with regard to Defendant only, and without admitting that it failed to meet any of its legal obligations or that Named Plaintiff was nonexempt, Defendant admits that while named Plaintiff was employed by the Defendant she was an employee within the meaning of the FLSA. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 63, including those with regard to anyone other than Defendant, and on that basis denies them.

64.     Answering Paragraph 64 of the Complaint, this is an incomplete and, therefore, inaccurate statement of the law and Defendant denies the allegations of Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, Defendant denies the allegations of Paragraph 65.

66.     Answering Paragraph 66 of the Complaint, Defendant denies all allegations of Paragraph 66.

67.     Answering Paragraph 67 of the Complaint, Defendant denies all allegations of Paragraph 67.

## COUNT II
## Violations of the New York Labor Law ("NYLL")
### (Failure to pay Overtime Compensation)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

68.     Answering Paragraph 68 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 67 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 67 as if set forth fully herein in their entirety.

69.     Answering Paragraph 69 of the Complaint, with regard to Defendant only, Defendant admits that it is generally an employer within the meaning of the NYLL.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 69, including those with regard to anyone other than Defendant, and on that basis denies them.

70.     Answering Paragraph 70 of the Complaint, with regard to Defendant only, and without admitting that it failed to meet any of its legal obligations, Defendant admits that, to the extent that Named Plaintiff engaged in compensable work on its behalf, it was responsible for paying Named Plaintiff for the resulting wages.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 70, including those with regard to anyone other than Defendant, and on that basis denies them.

71.     Answering Paragraph 71 of the Complaint, with regard to Defendant only, and without admitting that it failed to meet any of its legal obligations or that Named Plaintiff was nonexempt, Defendant admits that while Named Plaintiff was employed by the Defendant she was

an employee within the meaning of the NYLL.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 71, including those with regard to anyone other than Defendant, and on that basis denies them.

72.     Answering Paragraph 72 of the Complaint, this is an incomplete and, therefore, inaccurate statement of the law and Defendant denies the allegations of Paragraph 72.

73.     Answering Paragraph 73 of the Complaint, Defendant denies all allegations of Paragraph 73.

74.     Answering Paragraph 74 of the Complaint, Defendant denies all allegations of Paragraph 74.

75.     Answering Paragraph 75 of the Complaint, this is an incomplete and, therefore, inaccurate statement of the law and Defendant denies the allegations of Paragraph 75.

76.     Answering Paragraph 76 of the Complaint, this is an incomplete and, therefore, inaccurate statement of the law and Defendant denies the allegations of Paragraph 76.

77.     Answering Paragraph 77 of the Complaint, Defendant denies the allegations of Paragraph 77.

78.     Answering Paragraph 78 of the Complaint, Defendant denies all allegations of Paragraph 78.

**COUNT III**
**Violations of Title VII**
**(Pregnancy Discrimination – Wrongful Termination)**
**(Named Plaintiff v. Defendant Microsol)**

79.     Answering Paragraph 79 of the Complaint, Defendant admits that it incorporates the allegations of Paragraphs 1 through 78 to the Complaint, and adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in Paragraphs 1 to 78 as if set forth fully herein in their entirety.

80.     Answering Paragraph 80 of the Complaint, without admitting that it is the employer of any particular individual, Defendant admits that it is generally an employer within the meaning of Title VII.

81.     Answering Paragraph 81 of the Complaint, and without admitting that it failed to meet any of its legal obligations, Defendant admits that while Named Plaintiff was employed by the Defendant she was an employee within the meaning of Title VII.  Defendant denies all remaining allegations of Paragraph 81.

82.     Answering Paragraph 82 of the Complaint, this is an incomplete and, therefore, inaccurate statement of the law and Defendant denies the allegations of Paragraph 82.

83.     Answering Paragraph 83 of the Complaint, Defendant denies all allegations of Paragraph 83.

84.     Answering Paragraph 84 of the Complaint, Defendant denies all allegations of Paragraph 84.

## FIRST AFFIRMATIVE DEFENSE

85.     With regard to the entire Complaint and each and every one of the Plaintiffs, the Court lacks personal jurisdiction over the Defendant due to improper service of the summons and Complaint.

## SECOND AFFIRMATIVE DEFENSE

86.     The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

87.     The Court lacks subject-matter jurisdiction over each of the Plaintiffs' claims to the extent they have not exhausted administrative remedies or failed to comply with other conditions precedent under governing federal and state law to prosecute their claims thereunder.

## FOURTH AFFIRMATIVE DEFENSE

88.     Plaintiffs' recovery in each cause of action in the Complaint for which good faith is required is barred because the acts of Defendant as alleged in the Complaint for which Plaintiffs seek recovery, to the extent Defendant committed any such acts at all, were done in good faith pursuant to reasonable business justifications and were reasonably related to a legitimate business purpose.

## FIFTH AFFIRMATIVE DEFENSE

89.     All of Defendant's conduct, if any, with regard to Plaintiffs' employment was at all times a valid exercise of business judgment and/or a just and proper exercise of management discretion on the part of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

90.     As an affirmative defense to the Third Count of the Complaint, Defendant was privileged to terminate Named Plaintiff's employment because Named Plaintiff's employment was at will.

## SEVENTH AFFIRMATIVE DEFENSE

91.     Defendant alleges that the Third Count of the Complaint is barred either in whole or in part by the doctrine of after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

92.     Any award of punitive damages as sought in the Complaint would violate the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and would also violate the due process and excessive fines provisions of the Constitution of the State of New York.

## NINTH AFFIRMATIVE DEFENSE

93.     Some or all of each of the Plaintiffs' claims are barred by the relevant statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

94.     Some or all of each of the Plaintiffs' claims are barred because Defendant was not their employer for the all or some of the time period at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

95.     Each of the Plaintiffs has received all compensation to which they were entitled.

## TWELFTH AFFIRMATIVE DEFENSE

96.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, because Plaintiffs were exempt from FLSA overtime requirements because they were employed in a bona fide executive, administrative, or professional capacity pursuant, as an outside sales employee, as an inside sales employee, or based on another enumerated exemption pursuant to the FLSA and regulations issued pursuant to that statute.

## THIRTEENTH AFFIRMATIVE DEFENSE

97.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, because Plaintiffs were exempt from the New York State's overtime requirements.

## FOURTEENTH AFFIRMATIVE DEFENSE

98.     As to each and every one of the Plaintiffs, Defendant alleges that all or part of the hours claimed by Plaintiffs for which Plaintiffs seek compensation constitute an unreasonable, inaccurate estimate which is greater than the amount of additional compensable hours worked, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

99. Some or all of each of the Plaintiffs' claims are barred or reduced by the doctrine of set-off.

## SIXTEENTH AFFIRMATIVE DEFENSE

100. Some or all of each of the Plaintiffs' claims are barred or reduced by the doctrine of unjust enrichment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

101. With regard to each and every one of the Plaintiffs, at all times relevant hereto, Defendant did not know and/or show reckless disregard as to whether its alleged conduct was prohibited by the Fair Labor Standards Act and the New York Minimum Wage Law, and otherwise Defendant acted in good faith and with reasonable grounds for believing it was not in violation of federal and/or state laws, rules, regulations, or guidelines.

## EIGHTEENTH AFFIRMATIVE DEFENSE

102. None of the Plaintiffs are entitled to a recovery of liquidated damages as Defendant's actions and/or omissions were not willful, and otherwise Defendant exercised reasonable care and made good faith efforts to comply with all federal and/or state laws, rules, regulations, or guidelines.

## NINETEENTH AFFIRMATIVE DEFENSE

103. This matter is not appropriate for class certification, and none of the Plaintiffs are appropriate class representatives.

## TWENTIETH AFFIRMATIVE DEFENSE

104. There are no employees who are similarly situated with the Named Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

105.     With regard to each and every one of the Plaintiffs, Defendant alleged that, on information and belief, to the extent any one of the Plaintiffs suffered any damage as alleged in the Complaint, it was not caused by the Defendant, but by the willful, reckless, or negligent conduct of the Plaintiffs (including but not limited to the Named Plaintiff) or other third parties, their agents or employees, and in the event Defendant is found liable to Plaintiffs, which liability is expressly denied, Defendant will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

106.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, by the doctrine of equitable estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

107.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, by the doctrine of judicial estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

108.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, by the doctrine of waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

109.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, by the doctrine of laches.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

110.     As to each and every one of the Plaintiffs, the Complaint is or may be barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

111.    Each of the Plaintiffs has failed to mitigate their damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

112.    As to each and every one of the Plaintiffs, the Defendant alleges that all or part of the time for which each Plaintiff seeks compensation was not compensable work time.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

113.    As to each and every one of the Plaintiffs, the Defendant alleges that all or part of the time for which each Plaintiff seeks compensation was performed without the actual or constructive knowledge of the Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

114.    As to each and every one of the Plaintiffs, the Defendant alleges that no Plaintiff was permitted or suffered to work, or otherwise under the control of the Defendant, for some or all of the hours claimed.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

115.    As to each and every one of the Plaintiffs, the Defendant alleges that all or part of the time for which each Plaintiff seeks compensation was not reasonable in relation to the Defendant's activity or business.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

116.    As to each and every one of the Plaintiffs, the Defendant alleges that all or part of the time for which each Plaintiff seeks compensation was *de minimis* and is not compensable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

117.    As to each and every one of the Plaintiffs, the Defendant alleges that all or part of the time for which each Plaintiff seeks compensation is travel, preliminary activity, or postliminary

activity time which does not constitute compensable hours worked pursuant to the provisions the

Portal-to-Portal Act (29 U.S.C. § 254) and its implementing regulations and/or the law of New York.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

118.    As to each and every one of the Plaintiffs, an award of damages, restitution, or

disgorgement, as sought by Plaintiffs in this case would violate the due process rights of Defendant

to the extent that: (1) such awards actually subject Defendant to multiple recoveries for the same

alleged conduct and/or injuries; or (2) such awards could potentially result in future multiple

recoveries for the same alleged conduct and/or injuries; or (3) any award of monies to Plaintiffs

could impinge upon the rights of other persons who are allegedly owed those sums and who could

potentially be barred from pursuing their own claims for recovery of those monies.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

119.    Requests for equitable and injunctive relief by Plaintiffs must be denied because their

remedy at law, if any, is adequate.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

120.    As an affirmative defense to each claim, cause of action, and/or count in the Complaint

for which Plaintiffs seek a temporary restraining order, injunctive, or other equitable relief, Defendant

alleges that the issuance of any temporary restraining order or temporary or permanent injunction or

other equitable relief regarding future conduct by the Defendant would be moot because the harm

alleged, if any, has discontinued and is unlikely to recur.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Microsol Resources Corp., having fully answered the Complaint, denies that Plaintiffs are entitled to relief for statutory, compensatory, punitive, liquidated, and/or mental distress damages, and/or attorneys' fees and costs, and respectfully requests that the Complaint be dismissed with prejudice and that an Order be entered entitling Defendant to an award of attorneys' fees and costs incurred in connection therewith, and all other relief that this Court may seem just and proper.

Dated:     New York, New York
           January 5, 2016

                                   Respectfully submitted,

                                   SEDGWICK LLP


                                       /s/ J. Gregory Lahr
                                   _____
                                   J. Gregory Lahr (JL9969)
                                   225 Liberty Street, 28th Floor
                                   New York, New York  10281-1008
                                   Telephone: 212.422.0202
                                   Facsimile: 212.422.0925
                                   gregory.lahr@sedgwicklaw.com

                                   *Attorneys for DEFENDANT MICROSOL
                                   RESOURCES CORP.*